**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT 0 6 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:11-CR-466 |
| JASON BARBOUR | : | |

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

Beginning on a date unknown to the Grand Jury, but at least as of August 2009, and continuing up to and including May, 2011, in the Northern District of Georgia and elsewhere, the defendant, JASON BARBOUR, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with Jacob Stuart, Kai J. Tyler, David Gayden, Mark Estrada and Derek Carver and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code Section 841(a)(1), that is to possess with the intent to distribute controlled substances, namely cocaine, a Schedule II controlled substance, said conspiracy involving at least FIVE (5) kilograms of a mixture and substance containing a detectable amount of cocaine, and marijuana, a Schedule I controlled substance, said conspiracy involving at least ONE HUNDRED (100) kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United

States Code, Section 841(b)(1)(A)(ii) and 841(b)(1)(B)(vii); all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

Beginning on a date unknown to the Grand Jury, but at least as of August 2009, and continuing up to and including May, 2011, in the Northern District of Georgia and elsewhere, the defendant, JASON BARBOUR, knowingly conspired and agreed with Jacob Stuart, Kai J. Tyler, David Gayden, Mark Estrada and Derek Carver and with other persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

To conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, a violation of Title 21, United States Code, Section 841 and Section 846,

(1) with the intent to promote the carrying on of said specified unlawful activity; and

(2) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity;

and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of specified

unlawful activity as more particularly described in Count One of this Indictment, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i), in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE PROVISION

1. As a result of committing one or more of the offenses alleged in Count One of this Information, the defendant, JASON BARBOUR, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any and all property, real or personal, constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of said violation, including but not limited to the following:

   (a) A sum of money equal to the amount of proceeds the defendants obtained as a result of the offenses.

   (b) The real property located at the following address:

   (i) 1127 5th Street, Manhattan Beach, California 90266, and all buildings and appurtenances thereon, more particularly described as follows:

   Lot 19, in Block 27 of Tract No. 142, in the city of Manhattan Beach, County of Los Angeles, State of California, as per map recorded in Book 13 Page(s) 182 and 183 of maps, in the office of the county recorder of said county.

   (c) The following seized United States currency:

    (i) $8,000.00 in United States currency seized on May 5, 2011 from Metropolis Condominium Unit 1406, 934 Peachtree Street, Atlanta, Georgia.

    (ii) $37,525.87 in United States currency seized from Jason Barbour on May 24, 2011 at 4895 Gordon Street, Fairburn, Georgia.

 (d) The following vehicles, conveyances, and personal property:

    (i) 2009 Yamaha 23' SXT 1100 Fiberglass Speedboat, Hull Number: YAMCK125H809.

    (ii) 2009 Metal Fabrication, Inc. Boat Trailer YMH232P, VIN 4J2BDTU2191098331.

    (iii) 2006 Yamaha Jet Ski, Hull Number: YAMA2140G506.

    (iv) 2006 Yamaha Jet Ski, Hull Number: YAMA4041I506.

    (v) 1970 Chevy Chevelle, VIN 136370A107399.

    (vi) one men's Rolex Yacht-Master watch, model number 16622, serial number F588476.

2. As a result of committing the money laundering offenses alleged in Count Two of this Information, the defendant, JASON BARBOUR, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, any and all property involved in

said money laundering offense and all property traceable to such property, including but not limited to the following:

    (a)    A sum of money in United States currency equal to the total value of property involved in each offense for which the defendants are liable.

    (b)    The real property located at the following address:

        (i)    1127 5th Street, Manhattan Beach, California 90266, and all buildings and appurtenances thereon, more particularly described as follows:

            Lot 19, in Block 27 of Tract No. 142, in the city of Manhattan Beach, County of Los Angeles, State of California, as per map recorded in Book 13 Page(s) 182 and 183 of maps, in the office of the county recorder of said county.

    (c)    The following seized United States currency:

        (i)    $8,000.00 in United States currency seized on May 5, 2011 from Metropolis Condominium Unit 1406, 934 Peachtree Street, Atlanta, Georgia.

        (ii)    $37,525.87 in United States currency seized from Jason Barbour on May 24, 2011 at 4895 Gordon Street, Fairburn, Georgia.

    (d)    The following vehicles, conveyances, and personal property:

        (i)    2009 Yamaha 23' SXT 1100 Fiberglass Speedboat, Hull Number: YAMCK125H809.

        (ii)    2009 Metal Fabrication, Inc. Boat Trailer YMH232P, VIN 4J2BDTU2191098331.

  (iii)  2006 Yamaha Jet Ski, Hull Number: YAMA2140G506.

  (iv)  2006 Yamaha Jet Ski, Hull Number: YAMA4041I506.

  (v)  1970 Chevy Chevelle, VIN 136370A107399.

  (vi)  one men's Rolex Yacht-Master watch, model number 16622, serial number F588476.

3.  If, as a result of any act or omission of the defendant, any property subject to forfeiture:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third person;

 (c) has been placed beyond the jurisdiction of the Court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek

forfeiture of any other property of said defendant(s) up to the value of the forfeitable property.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

*/s/ Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 088131

*/s/ Michael John Brown*
MICHAEL JOHN BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 064437

*/s/ Elizabeth M. Hathaway*
ELIZABETH M. HATHAWAY
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 076212

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
404/581-6000 (voice)
404/581-6171 (facsimile)